UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DALE ALLEN,** *et al.*,

      **Plaintiffs,**

  v.                                     Civil Action 2:22-cv-20
                                           Chief Judge Algenon L. Marbley
                                           Magistrate Judge Chelsey M. Vascura

**XAVIER BECERRA,**
*in his official capacity as Secretary of*
*the U.S. Dept. of Health and Human*
*Services***,**

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiffs, John Dale Allen and Roger Carlton Johnson, Ohio residents proceeding without the assistance of counsel, have submitted requests to file a civil action *in forma pauperis*. (ECF Nos. 1–2.) The Court **GRANTS** Plaintiffs' request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiffs' Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiffs' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious; [or]
> >
> > (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

2

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 F.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiffs' Complaint states that they each submitted written claims for $5 million in monetary damages to Defendant the United States Department of Health and Human Services ("HHS") pursuant to the Federal Tort Claims Act ("FTCA") on May 31, 2020, but that HHS did not respond within six months as required. (Compl. 1–2, ECF No. 2-1.) Plaintiffs assert that

3

HHS's failure to respond means that HHS "is in default" and entitles them to the $5 million in damages they each seek.  Plaintiffs' claims lack merit.

The FTCA claim forms attached to Plaintiffs' Complaint state they have suffered "personal injury" in the form of:

1. Health damage — loss of treatment, care, access to care;
2. Loss of right to congregate in a church;
3. Loss of right to peaceably assemble;
4. Loss of liberty; and
5. Loss of access to courts.

(Claim Forms, ECF Nos. 2-2, 2-3.)  Plaintiffs also attach statements to their claim forms alleging that various United States officials conspired to deprive United States citizens of their rights in connection with the COVID-19 pandemic.  (*Id.*)  Plaintiffs make multiple allegations against Dr. Anthony Fauci, Director of the National institute of Allergy and Infectious Diseases, the Center for Disease Control, the Bill and Melinda Gates Foundation, and the U.S. Food and Drug Administration that they conspired to unnecessarily induce the populace to wear face masks and engage in social distancing based on unreliable data from foreign governments.  (*Id.*)  The only allegation against HHS, the sole Defendant in this action, is that "on January 31, 2020, HHS Secretary Alex M. Azar II, relying on information provided by foreign sources, declared a Public Health Emergency for the United States."  (*Id.*)

Plaintiffs have failed to plead any facts on which the Court could rely to conclude that they are entitled to compensation under the FTCA.  Under the FTCA,

> the government may be liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, . . . if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010) (quoting 28 U.S.C. § 1346(b)(1)).

Plaintiffs expressly disclaimed any damages for injury or loss of property or death on their claim

4

forms. (ECF Nos. 2-2, 2-3, stating "not applicable" in the relevant sections.) Instead, Plaintiffs rely on damages due to personal injury for their claims. (*Id.*, seeking "$5,000,000.00" as the "amount of claim" for "personal injury.") Yet Plaintiffs' allegations as to the personal injuries they suffered are threadbare and conclusory. Of the five categories of harm they allegedly suffered (health damage, loss of right to congregate in a church, loss of right to peaceably assemble, loss of liberty, and loss of access to courts), only their alleged loss of healthcare access, resulting in damage to their health, could fit within the definition of "personal injury." And Plaintiffs' mere assertion of "[h]ealth damage — loss of treatment, care, access to care," without any supporting factual allegations as to the type or extent of health damage suffered by Plaintiffs, is insufficient to plausibly allege personal injury. Nor does Plaintiffs' Complaint contain any allegations that would allow the Court to conclude that HHS's declaration of a public health emergency—the only allegation directed to the sole Defendant in this action—resulted in injury of any kind to Plaintiffs.[1]

In sum, the undersigned concludes that Plaintiffs' Complaint provides insufficient factual content or context from which the Court could reasonably infer that HHS caused any injury to Plaintiffs that is compensable under the FTCA. Thus, Plaintiffs have failed to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555. For these reasons, it is **RECOMMENDED** that Plaintiffs' Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

---

[1] Nor is HHS "in default" for failing to respond to Plaintiffs' May 31, 2020 claim forms within six months. The FTCA provides that, if a federal agency fails to respond to a written claim under the FTCA within six months, the claimant may treat the failure as "a final denial of the claim." 28 U.S.C. § 2675(a). Thus, HHS effectively denied Plaintiffs' claims by failing to respond.

### III. DISPOSITION

Plaintiffs' Motions for Leave to Proceed *in forma pauperis* (ECF Nos. 1–2) are **GRANTED**.  For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE