# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JOHN DALE ALLEN,** *et al.*,

        **Plaintiffs,**

      **v.**

**XAVIER BECERRA,**
*in his official capacity as Secretary of the U.S. Dept. of Health and Human Services*,

        **Defendant.**

**Civil Action 2:22-cv-0020**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Chelsey M. Vascura**

## OPINION & ORDER

This case is before the Court on the Magistrate Judge's Report and Recommendation (ECF No. 4) and Plaintiffs' Objections thereto (ECF No. 6). For the following reasons, the Court **OVERRULES** Plaintiffs' Objections and **AFFIRMS** the Report and Recommendation.

## I.       BACKGROUND

Plaintiffs, Ohio residents proceeding *pro se*, brought this action against the Secretary of Health and Human Services ("HHS"), alleging they had suffered damages and violations of their constitutional rights as a result of HHS's failure to respond to Plaintiffs' written claim for damages under the Federal Tort Claims Act ("FTCA"). As summarized by the Magistrate Judge, Plaintiffs' FTCA claims relate generally to public health measures taken as a result of the COVID-19 pandemic:

> The FTCA claim forms attached to Plaintiffs' Complaint state they have suffered "personal injury" in the form of:
>
> 1. Health damage — loss of treatment, care, access to care;
> 2. Loss of right to congregate in a church;
> 3. Loss of right to peaceably assemble;

    4. Loss of liberty; and
    5. Loss of access to courts.

(Claim Forms, ECF Nos. 2-2, 2-3.)  Plaintiffs also attach statements to their claim forms alleging that various United States officials conspired to deprive United States citizens of their rights in connection with the COVID-19 pandemic. (*Id.*) Plaintiffs make multiple allegations against Dr. Anthony Fauci, Director of the National [I]nstitute of Allergy and Infectious Diseases, the Center for Disease Control, the Bill and Melinda Gates Foundation, and the U.S. Food and Drug Administration that they conspired to unnecessarily induce the populace to wear face masks and engage in social distancing based on unreliable data from foreign governments. (*Id.*)  The only allegation against HHS, the sole Defendant in this action, is that "on January 31, 2020, HHS Secretary Alex M. Azar II, relying on information provided by foreign sources, declared a Public Health Emergency for the United States." (*Id.*)

(ECF No. 4 at 4.)

The Magistrate Judge first granted Plaintiffs' motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 4 at 1.)  The Magistrate Judge then recommended Plaintiffs' Complaint be dismissed because Plaintiffs failed to plead any facts on which the Court could conclude that they are entitled to compensation under the FTCA. Namely, Plaintiffs provided only threadbare and conclusory allegations that did not plausibly suggest any "personal injury" as relevant to the FTCA, and their allegations did not allow the Court to conclude that HHS's declaration of a public health emergency resulted in injury of any kind to Plaintiffs. (*Id.* at 4–5.)  In short, the Magistrate Judge concluded that Plaintiffs had failed to assert any cognizable claims upon which relief could be granted.

Plaintiffs timely filed objections to the Report and Recommendation, contending that the Magistrate Judge erroneously addressed their claims only under the FTCA, without addressing their claims for constitutional violations under 42 U.S.C. § 1983. (ECF No. 6). Accordingly, the Court will review Plaintiffs' § 1983 claims *de novo*. *See* Fed. R. Civ. P. 72(b)(3). Plaintiffs did not state specific objections to the dismissal of their FTCA claims, as opposed to the screening process generally. (*Id.*).

## II.    STANDARD OF REVIEW

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

## III.    ANALYSIS

Here, Plaintiffs' Complaint fails to allege facts sufficient to support a constitutional claim under 42 U.S.C. § 1983. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Plaintiffs' Complaint satisfies neither element.

First, Plaintiffs' FTCA claim forms contain only threadbare and conclusory assertions that that they have been deprived of their First Amendment rights to congregate in a church, peaceably assemble, and access the courts, and of their Fourteenth Amendment rights to liberty. These are precisely the mere "labels and conclusions" that the Supreme Court has held insufficient to satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Twombly*, 550 U.S. at 555. Plaintiffs' objection that these forms provide "sufficient factual content" (ECF No. 6 at 1) is rejected.

3

Second, Plaintiffs' claims under § 1983 fail because Plaintiffs do not allege any facts to suggest that the Secretary of HHS was "acting under color of *state* law," rather than in his capacity as a *federal* officer. As the court stated in *Strickland ex rel. Strickland v. Shalala*: "To establish a claim under § 1983, a plaintiff must show that he was deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.' Because federal officials typically act under color of *federal* law, they are rarely subject to liability under § 1983." 123 F.3d 863, 866 (6th Cir. 1997) (internal citation omitted). Notwithstanding Plaintiffs' objections, they have failed to state a cause of action under § 1983.[1]

Accordingly, screening in this matter was proper. Because Plaintiffs' Complaint is brought *in forma pauperis* and "fails to state a claim upon which relief may be granted," it must be dismissed under 28 U.S.C. § 1915(e)(2).

## IV. CONCLUSION

The Court finds that Plaintiffs' claims under both the FTCA and § 1983 claims are unviable as a matter of law and therefore are dismissed per 28 U.S.C. § 1915(e)(2)(B). Plaintiffs' Objections (ECF No. 6) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (ECF No. 4) is **AFFIRMED**. This case is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 8, 2022**

---

[1] The Supreme Court decision cited in Plaintiffs' Objections, *Tanzin v. Tanvir*, concerns the Religious Freedom Restoration Act ("RFRA"). It references § 1983 in the context of interpreting similar statutory language in RFRA. 141 S. Ct. 486, 490–91 (2020). *Tanzin* was not a § 1983 case, and it therefore is irrelevant to the claims at issue here.